IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-738-WHA-SMD |
| | ) | [WO] |
| JASON SMOAK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Jonathan Hall filed this 42 U.S.C. § 1983 action on November 1, 2021. Defendants have since filed a Special Report and Answer ("SRA") denying Plaintiff's allegations. Doc. 25. On April 21, 2022, the Court instructed Plaintiff to file a response to Defendants' SRA by May 12, 2022. Doc. 27. The Court cautioned Plaintiff that his failure to file a response would result in a recommendation this case be dismissed for failure to prosecute. *Id.* at 1. To date, Plaintiff has not filed a response to Defendants' SRA or otherwise complied with the Court's April 21, 2022 Order.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by May 31, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of May, 2022.

                                        /s/   Stephen M. Doyle  
                                        STEPHEN M. DOYLE  
                                        CHIEF UNITED STATES MAGISTRATE JUDGE